UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JULIO HERNAN CAYAMCELA SINCHE and JOHNNY
FABIAN CAYAMCELA SUCUZHANAY, individually and on
behalf of all others similarly situated,

                            Plaintiffs,

        -against-

DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR
IMPROVEMENTS and WLADYSLAW LUBAS,
as an individual,

                            Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiffs **JULIO HERNAN CAYAMCELA SINCHE and JOHNNY FABIAN CAYAMCELA SUCUZHANAY**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, through undersigned counsel, bring this action against **DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS and WLADYSLAW LUBAS, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 16 Radnor Ct, Hicksville, NY 11801.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff JULIO HERNAN CAYAMCELA SINCHE residing in Corona, NY 11368 was employed by DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS, from in or around January 2012 until in or around August 2022.

8. Plaintiff JOHNNY FABIAN CAYAMCELA SUCUZHANAY residing in Corona, NY 11368 was employed by DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS, from in or around August 2021 until in or around July 2022.

9. Upon information and belief, Defendant DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS, is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 16 Radnor Ct, Hicksville, NY 11801.

10. Upon information and belief, Defendant WLADYSLAW LUBAS is the owner of DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS.

11. Upon information and belief, Defendant WLADYSLAW LUBAS is an agent of DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS.

12. Upon information and belief, Defendant WLADYSLAW LUBAS is responsible for overseeing the daily operations of DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS.

13. Upon information and belief, WLADYSLAW LUBAS has power and authority over all the final personnel decisions of DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS.

14. Upon information and belief, WLADYSLAW LUBAS has the power and authority over all final payroll decisions of DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS, including the Plaintiff.

15. Upon information and belief, WLADYSLAW LUBAS has the exclusive final power to hire the employees of DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS, including the Plaintiff.

16. Upon information and belief, WLADYSLAW LUBAS has exclusive final power over the firing and terminating of the employees of DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS, including Plaintiff.

17. Upon information and belief, WLADYSLAW LUBAS is responsible for determining, establishing, and paying the wages of all employees of DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS, including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendant WLADYSLAW LUBAS was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

19. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

**RELEVANT STATUTORY PERIOD**

20. Under the FLSA and NYLL, Plaintiffs federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint is filed in September 2022. As such, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning September 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## JULIO HERNAN CAYAMCELA SINCHE

21. Plaintiff JULIO HERNAN CAYAMCELA SINCHE was employed by DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS as a construction worker and carpenter and performing related miscellaneous duties for the Defendants from in or around January 2012 until in or around August 2022.

22. Plaintiff JULIO HERNAN CAYAMCELA SINCHE regularly worked six (6) days per week from in or around September 2016 until in or around December 2019 and five (5) days per week from in or around January 2020 until in or around August 2022.

23. During the relevant statutory period, Plaintiff JULIO HERNAN CAYAMCELA SINCHE regularly worked the following schedule of shifts:

    a. beginning at approximately 7:30 a.m. each workday and regularly ending at approximately 5:00 p.m., or later, six (6) days per week from in or around September 2016 until in or around December 2019; and

    b. beginning at approximately 8:00 a.m. each workday and regularly ending at approximately 4:30 p.m., or later, three (3) days per week and until approximately 6:00 p.m., two (2) days per week, from in or around January 2020 until in or around August 2022.

24. Thus, Plaintiff was regularly required to work approximately fifty-seven (57) hours each week from in or around September 2016 until in or around December 2019 and approximately forty-five (45.5) hours each week from in or around January 2020 until in or around August 2022.

25. Plaintiff JULIO HERNAN CAYAMCELA SINCHE was paid by Defendants a flat hourly rate of approximately:

    a. $18.00 per hour without regard for the number of hours worked from in or around September 2016 until in or around December 2019; and

    b. $25.00 per hour without regard for the number of hours worked from in or around January 2020 until in or around August 2022.

26. Although Plaintiff regularly worked approximately fifty-seven (57) hours each week from in or around September 2016 until in or around December 2019 and approximately forty-five and a half (45.5) hours each week from in or around January

2020 until in or around August 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

27. Additionally, Defendants paid Plaintiff JULIO HERNAN CAYAMCELA SINCHE on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

28. Further, Plaintiff was not compensated at all for his last week of employment by the Defendants.

### JOHNNY FABIAN CAYAMCELA SUCUZHANAY

29. Plaintiff JOHNNY FABIAN CAYAMCELA SUCUZHANAY was employed by DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS as a laborer and construction helper while performing related miscellaneous duties for the Defendants from in or around August 2021 until in or around July 2022.

30. Plaintiff JOHNNY FABIAN CAYAMCELA SUCUZHANAY regularly worked six (6) days per week during his employment with the Defendants.

31. During Plaintiff JOHNNY FABIAN CAYAMCELA SUCUZHANAY'S employment with the Defendants, Plaintiff regularly worked the following schedule of shifts:

    a. beginning at approximately 8:00 a.m. each workday and regularly ending at approximately 4:30 p.m., or later, four (4) days per week; and

    b. beginning at approximately 8:00 a.m. each workday and regularly ending at approximately 7:00 p.m., or later, two (2) days per week.

32. Thus, Plaintiff was regularly required to work approximately fifty-six (56) hours each week from in or around August 2021 until in or around July 2022.

33. Plaintiff JOHNNY FABIAN CAYAMCELA SUCUZHANAY was paid by Defendants a flat daily rate of approximately $150.00 per day for all hours worked from in or around August 2021 until in or around July 2022.

34. Although Plaintiff regularly worked approximately fifty-six (56) hours each week from in or around August 2021 until in or around July 2022, the Defendants did not pay

5

Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

35. Additionally, Defendants paid Plaintiff JOHNNY FABIAN CAYAMCELA SUCUZHANAY on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

36. Furthermore, Plaintiff was not compensated at all for his last two weeks of employment by the Defendants.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

37. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

38. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

39. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

40. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

41. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

43. Collective Class: All persons who are or have been employed by the Defendants as construction workers, carpenters, laborers or construction helpers, or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

44. Upon information and belief, Defendants employed approximately 20 to 30 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

45. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

46. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

47. Defendants had knowledge that the Plaintiffs and the Collective Class regularly performed work requiring overtime pay.

48. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiffs, as well as the Collective Class.

49. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

50. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

51. The claims of Plaintiffs are typical of the claims of the whole putative class.

52. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

53. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
55. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.
56. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.
57. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
58. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
59. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.
60. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

63. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

64. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

67. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

68. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

69. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

70. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

71. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

72. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New Yor Labor Law

73. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

74. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

75. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

76. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

79. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

82. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiff's unpaid overtime wages;
   c. Awarding Plaintiff's unpaid wages;
   d. Awarding Plaintiffs unpaid wages for Defendants' failure to timely pay Plaintiffs' wages;
   e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   f. Awarding Plaintiffs prejudgment and post-judgment interest;
   g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:  September 30, 2022
        Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JULIO HERNAN CAYAMCELA SINCHE and JOHNNY FABIAN CAYAMCELA SUCUZHANAY, individually and on behalf of all others similarly situated,

                                  Plaintiffs,

      -against-

DUCATI HOME PROJECTS LLC D/B/A HEIGHTS FLOOR IMPROVEMENTS and WLADYSLAW LUBAS, as an individual,

                                Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**Service via Secretary of State and Personal Service:**
**DUCATI HOME PROJECTS LLC d/b/a HEIGHTS FLOOR IMPROVEMENTS (DOS ID#5482316)**
16 Radnor Ct, Hicksville, NY 11801

**WLADYSLAW LUBAS**
16 Radnor Ct, Hicksville, NY 11801