

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

August 31, 2023

**Via ECF**
The Honorable Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: **Sinche, et al. v. Ducati Home Projects LLC, et al.**
      **22-CV-5852 (SIL)**

Dear Judge Locke:

Our office represents Julio Hernan Cayamcela Sinche and Johnny Fabian Cayamcela Sucuzhanay (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for Ducati Home Projects LLC and Wladyslaw Lubas (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' Settlement Agreement, attached hereto as **Exhibit 1**, were reached following a Court-annexed mediation on July 19, 2023.[1]

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

    **I.**    **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

    a.  **The Settlement Amount**

The parties agreed to resolve this matter for the total amount of $75,000.00, inclusive of attorneys' fees, which are addressed below.

---

[1] The parties have submitted the Settlement Agreement unsigned but can supplement this motion with a fully-executed copy within one week or on or before September 7, 2023.

### b. Plaintiffs' Position

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that they were not paid proper overtime wages when they were required to work in excess of forty (40) hours per workweek and that they were paid on a bi-weekly basis and did not timely receive their first week of wages each bi-weekly period in violation of the NYLL.

Plaintiffs were employed as carpenters and laborers for Defendants' company located at 16 Radnor Court, Hicksville, New York 11801. Plaintiff Sinche alleged that he was employed by the Defendants for approximately six years within the relevant statutory period and Plaintiff Sucuzhanay alleged that he was employed by Defendants for approximately one year.

Plaintiff Sinche alleged that he regularly worked approximately 45.5 to 57 hours per week and Plaintiff Sucuzhanay alleged that he regularly worked approximately 56 hours per week. However, Plaintiffs alleged that they were either paid straight hourly rates for all hours worked or were paid on a daily rate, neither of which properly compensated them for their overtime work performed. Additionally, both Plaintiffs alleged that they were not timely compensated for their first week of wages each bi-weekly period as they were paid every two weeks.

Based on the above, Plaintiffs alleged approximately $60,000.00 in unpaid overtime wages and in excess of $100,000.00 in liquidated damages for violations of NYLL 191 and its frequency of payment requirements for manual workers.

Plaintiffs acknowledged the factual disputes as to their hours worked and the frequency in which they were paid. Plaintiffs also reviewed information and documentation provided by Defendants both in support of their defenses and regarding Defendants' financial viability. Based on our review of these documents and the assistance of the Court-annexed mediation program, Plaintiffs accepted a settlement of $75,000.00. Plaintiffs believe that this amount is fair and reasonable in light of the existing factual disputes and the economic realities of Defendants' business and allows Plaintiffs a guaranteed outcome and recovery as opposed to the uncertainty and risks of continued litigation.

### c. Defendants' Position

Defendants asserted that Plaintiff Sinche was an independent contractor who hired Plaintiff Sucuzhanay as his worker and as such, Plaintiffs were not employees of Defendants. Additionally, Defendants provided records during the mediation process evidencing that Plaintiffs were paid weekly, negating any wage frequency violation claims and damages. Furthermore, the buildings at which Plaintiffs performed work had strict hours when construction work could be performed, thus, the number of hours which could have been worked by Plaintiffs was far less than alleged.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation

to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $75,000.00. The parties believe that this amount is reasonable considering the claims and defenses asserted and the fact that the terms of the Settlement Agreement was achieved only after mediation with all parties present before a qualified and experienced wage-and-hour neutral. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiffs, the amounts of pay received by Plaintiffs and the frequency in which Plaintiffs were paid, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement. As such, the settlement amount represents a fair compromise over the outstanding factual and legal disputes that would not have likely been resolved until the time of trial.

## II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 3 of the Settlement Agreement ("Release") is appropriately limited to claims under the FLSA and NYLL and other related wage-and-hour claims that could have been asserted in this litigation. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims completely unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude the parties from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III. Distribution to the Plaintiffs and Requested Attorneys' Fees and Expenses

#### a. Distribution to the Plaintiffs

The parties agreed to a global settlement of $75,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $49,221.00, after requested attorneys' fees and reimbursement of expenses. Each Plaintiff will receive an amount proportional to their alleged damages, which factor into account the alleged dates of each Plaintiff's employment, and alleged rates of pay received and alleged hours worked.

#### b. Plaintiff's Counsel's Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $1,169.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the cost of the EDNY Court-annexed mediation: $300.00
- the costs of service of the Complaint on all Defendants: $467.00

Plaintiffs' counsel respectfully requests one-third of the settlement amount less the above expenses ($73,831.00), or $24,610.00 in attorneys' fees, as agreed upon in Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $25,779.00.

As such, the settlement funds as broken down into component parts is as follows:

**Settlement Amount:** $75,000.00
**Attorneys' Expenses:** $1,169.00
**Net Settlement Amount:** $73,831.00 ($75,000.00 - $1,169.00)
**Requested Attorneys' Fees:** $24,610.00 ($73,831.00 / 3)
**Total payable to Attorneys:** $25,779.00 ($24,610.00 + $1,169.00)
**Total payable to Plaintiffs:** $49,221.00 ($75,000.00 - $25,779.00)

Our office and the Plaintiffs have retainer agreements that are reduced to writing and are signed by the Plaintiffs. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### IV. Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of good faith negotiations between

experienced and competent counsel through the Court-annexed mediation program and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement in its entirety and dismiss this action against Defendants. We thank the Court for its consideration and remain available to provide any additional information.

                                                    Respectfully submitted,

                                                    *James O'Donnell*
                                                    James O'Donnell, Esq.